UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION AT DETROIT

UNITED STATES OF AMERICA,

           Criminal No.   12-cr-20153

   Plaintiff,

v.             Honorable Denise Page Hood
              United States District Court Judge

D-1 MICHAEL GRUNDY,

   Defendant.
_____/

## PRELIMINARY ORDER OF FORFEITURE

   WHEREAS, a First Superseding Indictment in this case was filed on or around August 22, 2012, which charged Defendant Michael Grundy with Count One: Conspiracy to Commit Honest Services Wire Fraud (18 U.S.C. § 1349); Counts Two through Twenty-Two: Honest Services Wire Fraud (18 U.S.C. §§ 1343 and 1346); Count Twenty-Three and Count Twenty-Four: Extortion (18 U.S.C. § 1951); Count Twenty-Five: Conspiracy to Obstruct Justice (18 U.S.C. §§ 1512(c)(2) and 1512(k)); Count Twenty-Six: Conspiracy to Launder Monetary Instruments (18 U.S.C. § 1956(h)); and Counts Twenty-Seven through Thirty-Two: Laundering of Monetary Instruments (18 U.S.C. §§ 1957 and 2). The First Superseding Indictment also sought criminal forfeiture pursuant to 18

U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1), including a forfeiture money judgment in an amount representing the total amount of proceeds obtained as a result of Defendant's offenses.

WHEREAS, on October 12, 2012, a Forfeiture Bill of Particulars (Docket #28) was filed with the Court, giving notice that, upon conviction of any or all counts charged in the First Superseding Indictment, the government intended to forfeit specifically identified Real Property, U.S. Currency, and Vehicles that were involved in the charged offenses and/or constituted proceeds traceable to the charged offenses;

WHEREAS, on May 31, 2013, the United States provided notice to the Court that it would not be seeking a judicial forfeiture order with respect to a specifically identified 2012 Jeep Grand Cherokee SRT8, 4x4, VIN: 1C4RJFDJ1CC205825, as the matter had been resolved administratively (Docket #35, Notice of Dismissal of Asset), leaving the following identified property subject to forfeiture to the United States:

**I. REAL PROPERTY**

    a. Real property located at 19604 Shrewsbury Road, Detroit, Wayne County, Michigan, and being more fully described as:

    Lot 113, Sherwood Forest Subdivision, according to the plat thereof in Liber 39, Page 11 of Plats, Wayne County Records.

Tax ID: Ward 02 Item No. 005402

Titled in the name of Michael D. Grundy and Joni Thrower;

## II. CURRENCY

a. Three Thousand Two Hundred Eighteen Dollars and Ninety-Three Cents ($3,218.93) in United States Currency seized on or about November 4, 2011, from PNC Bank Account Number 4257040946, held in the name of Grundy Politics Consulting, LLC and Michael D. Grundy;

b. Four Thousand Five Hundred Thirty-Six Dollars and Thirty-Five Cents ($4,536.35) in United States Currency seized on or about November 4, 2011, from PNC Bank Account Number 4239020087, held in the name of Michael D. Grundy;

## III. VEHICLES

a. One (1) 2011 Jeep Wrangler, VIN: 1J4BA5H17BL546225;

(hereafter, "Subject Property");

WHEREAS, Defendant stipulates to the forfeiture of the Subject Property pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as evidenced by his Rule 11 plea agreement (Docket # 36 at 6-8);

WHEREAS, per his Rule 11 plea agreement Defendant also agreed to the entry of a forfeiture money judgment, in favor of the United States, in in an amount to be determined by the Court at sentencing that represent the gross proceeds Defendant obtained, directly or indirectly, from the crime charged in Count Fifteen

of the First Superseding Indictment as well as all relevant conduct.

NOW, THEREFORE, based upon the First Superseding Indictment, the Forfeiture Bill of Particulars, Defendant's agreement to forfeiture, and other information in the record:

IT IS HEREBY ORDERED that Defendant Michael Grundy forfeits to the United States any and all interest he may have in following property pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c):

## I.     REAL PROPERTY

a. Real property located at 19604 Shrewsbury Road, Detroit, Wayne County, Michigan, and being more fully described as:

Lot 113, Sherwood Forest Subdivision, according to the plat thereof in Liber 39, Page 11 of Plats, Wayne County Records.

Tax ID:   Ward 02 Item No. 005402

Titled in the name of Michael D. Grundy and Joni Thrower;

## II.    CURRENCY

a. Three Thousand Two Hundred Eighteen Dollars and Ninety-Three Cents ($3,218.93) in United States Currency seized on or about November 4, 2011, from PNC Bank Account Number 4257040946, held in the name of Grundy Politics Consulting, LLC and Michael D. Grundy;

b. Four Thousand Five Hundred Thirty-Six Dollars and Thirty-Five Cents ($4,536.35) in United States Currency seized on or about November 4, 2011, from PNC Bank Account Number 4239020087, held in the name

of Michael D. Grundy;

### III. VEHICLE

    a. One (1) 2011 Jeep Wrangler, VIN: 1J4BA5H17BL546225.

IT IS FURTHER ORDERED that a forfeiture money judgment in an amount to be determined by the Court at sentencing shall be entered against the Defendant Michael Grundy, in favor of the United States of America. Pursuant to Fed.R.Cr.P. 32.2(e), this preliminary order of forfeiture shall be amended after sentencing to specify the amount of the forfeiture money judgment. To satisfy the money judgment, any assets that Defendant Michael Grundy has now, or may later acquire, may be forfeited as substitute assets pursuant to 21 U.S.C. § 853(p). The forfeiture money judgment shall be reduced by the net amount obtained by the United States from the final disposition of the Subject Property and any substitute assets.

IT IS FURTHER ORDERED that upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

The United States shall publish on www.forfeiture.gov, notice of this preliminary forfeiture order and of its intent to dispose of the above-named property in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n).

Said notice shall direct that any person other than the Defendant asserting a legal interest in the property may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the property. The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the property.

Pursuant to Fed.R.Crim.P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to Defendant Michael Grundy at the time of his sentencing. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.CrimP. 32.2(c)(2).

Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property,

the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, and additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under Fed.R.Crim.P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IT IS SO ORDERED.**

Date: May 22, 2014                               s/Denise Page Hood
                                                 HONORABLE DENISE PAGE HOOD
                                                 UNITED STATES DISTRICT JUDGE