UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                      Criminal Action No. 12-20153
v.                                  HONORABLE DENISE PAGE HOOD

MICHAEL DEMETRUS GRUNDY (D1),

    Defendant.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on Defendant Michael Grundy's Motion for Reconsideration filed December 22, 2014. Grundy seeks reconsideration of the Court's second Order Denying Motion to Appeal In Forma Pauperis. (Doc. No. 100, 12/18/2014)

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court orders otherwise. E.D. Mich. LR 7.1(h)(2). Plaintiffs' motion is timely filed. The Local Rule further states:

> (3) **Grounds**. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only

> demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).

Grundy's Motion for Reconsideration raises an argument, issue or evidence which was not raised before the Court in his previous motions. Grundy now claims he is not required to submit financial information on his spouse since he is no longer married, having been divorced by his wife. The motion does not submit any evidence of the divorce. It is noted that all throughout the proceedings before this Court, including the lengthy restitution hearings and the sentencing hearing, the evidence and testimony submitted to the Court indicated Grundy was married.

It is noted that in the related ancillary forfeiture proceeding, Case No. 14-mc-50812, Petitioner Joni Marja Thrower-Grundy asserts Grundy is her husband. (Case No. 14-mc-50812, Petition, Doc. No. 1, ¶ 1) The Court entered a Stipulated Order Resolving Miscellaneous Proceeding and Amending Preliminary Order of Forfeiture in Criminal Case No. 12-20153, with the understanding that Joni Thrower-Grundy and

Michael Grundy were still married. Nothing in that proceeding was submitted to the Court informing the Court that they were no longer married or that divorce proceedings were pending.

Grundy is raising an issue, argument or evidence which was not previously brought before the Court. The Court denies, for the third time, Grundy's request to proceed on appeal in forma pauperis. As set forth by the rules, Grundy may request to proceed on appeal in forma pauperis before the Sixth Circuit Court of Appeals.

Accordingly,

IT IS ORDERED that Defendant Michael Demetrus Grundy's Motion for Reconsideration (**Doc. No. 101**) is DENIED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: January 28, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 28, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager